EARL FINCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finch v. Commissioner
Docket No. 11889-78.
United States Tax Court
T.C. Memo 1981-233; 1981 Tax Ct. Memo LEXIS 511; 41 T.C.M. (CCH) 1470; T.C.M. (RIA) 81233; May 11, 1981. *511 Earl Finch, pro se. Marion L. Weston, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for 1976 in the amount of $ 4,820 and an addition to tax under section 6653(a), I.R.C. 1954; [1] in the amount of $ 241. The issues for decision are (1) whether petitioner has substantiated rental income and expenses, itemized deductions, and personal exemptions claimed on his 1976 income tax return in excess of the amounts allowed by respondent or stipulated by the parties, and (2) whether petitioner is liable for the addition to tax for negligence under section 6653(a) for 1976. FINDINGS OF FACT Petitioner resided in New York City, N.Y., on the date the petition was filed. He resided in Coral City, Fla., at the time of the trial. Petitioner was employed by Consolidated Edison Co. in New York in 1976 and received a salary of $ 21,399.75. During 1976 petitioner was married to Diedre Hertzog, who lived in an apartment in New York with their minor child. Diedre and petitioner were *512 getting a divorce but because Diedre was ill and not working petitioner lived with them part of the time and provided all of their support. During 1976, petitioner was also living with Katherine Terrell at times. Katherine was living in an apartment in New York with her two minor sons by a former marriage and a minor daughter fathered by petitioner. Katherine was not employed and petitioner provided funds for the rent and their support. In late 1974 or early 1975, petitioner purchased a house and lot in Miami, Fla., for $ 28,500. The property was mortgaged and petitioner made monthly payments on the mortgage throughout 1976 which included interest and real estate taxes. The interest and taxes included within the payments made in 1976 totaled $ 1,538.92 and $ 350.10, respectively. During 1976 petitioner installed a chain link fence on the property and had some painting and redecorating done. The property was rented during most of 1976 and petitioner received as rent during 1976, $ 200 per month for 8 month plus a security deposit. Petitioner incurred various maintenance expenses for this property in 1976. In 1976, petitioner also owned a parcel of real estate in Orlando, *513 Fla, and two automobiles, all of which were mortgaged and interest was paid thereon. Petitioner's residence in New York was broken into on several occasions in 1976 and property was stolen therefrom. There breakins were reported to the New York City Police Department. Petitioner filed an individual income tax return for 1976 which was prepared by an income tax return preparer firm based on information given them by petitioner. Reported on this return was salary income from Consolidated Edison Co. in the amount of $ 21,400, a loss of $ 3,314 on the rental property, numerous itemized deductions were claimed, and exemptions were claimed for six dependents in addition to an exemption for himself. The filing status indicated was unmarried, head of household. The total tax due was reported as $ 294 and $ 3,192 was reported as tax withheld, resulting in an overpayment of $ 2,898. In his notice of deficiency, respondent increased the rental income reported, decreased allowable rental expenses, disallowed the six dependency examptions, and disallowed in full or in part most of the itemized deductions claimed on the return. The amounts of the items in issue claimed on the return *514 and the amounts allowed and disallowed by respondent in the notice of deficiency are as follows: Per
Per notice
Item
return
of deficiency
Increase
Rental income
$ 1,000 $ 1,980
$ 980
Rental expenses:
Allowed
Disallowed
Interest
1,768 Real estate taxes
187 Depreciation
1,384 Plumbing
300 Electrician
200 Cleaning supplies
50 Garden supplies
100 Advertising
275 Door
50 Total expenses
4,314 984
3,330
Itemized expenses: Gas tax
228 167
61
Sales tax
557)
799
278
Additional sales tax
520)
a(auto)
Interest
1,647 614
1,033
Contributions
376 200
176
Casualty loss
3,900 0
3,900
Tools
300 150
150
Uniforms and cleaning
200)
0
350
Shoes
150)
Total itemized
7,878 1,930
5,948
deductions
Exemptions
4,500 0
4,500
OPINION Petitioner appeared at trial representing himself and testified with respect to most of the items at issue; however, he had no records or other witnesses to support his testimony. Since it appeared that petitioner had very little idea of what he needed to prove error in respondent's determinations, the Court, with the assistance of counsel *515 for respondent, questioned petitioner about each of the items in dispute and asked him for proof in support of his claims. Petitioner stated that he thought he could get documentary evidence, if given time and advised about what was needed, to support many of his claims, such as the deed to the Miami property to prove its cost, statements from his mortgagees to show the amount of interest and taxes included in his mortgage payments, receipts from painters who painted the property, reports from the New York Police Department to support his casualty loss claim, and statements from GMAC and others to whom he paid interest. Since it seemed obvious that petitioner was entitled to some of the deductions disallowed by respondent for lack of substantiation, the Court left the record open for 60 days after the trial for petitioner to provide such supporting evidence to counsel for respondent and make an effort to settle at least some of the issues. The parties were directed to report to the Court on their progress at the end of the 60 days. Respondent filed such a report advising that petitioner had failed to provide any meaningful documentation to respondent, so respondent filed a memorandum *516 brief requesting the Court to approve all of the adjustments made by respondent in the notice of deficiency, except several items conceded by respondent at trial which will be mentioned later. Respondent's memorandum brief was served on petitioner and the Court has waited several weeks to receive a response from petitioner but none has been forthcoming, so the Court will do the best it can to decide the issues with what it has on hand, applying our "experience with the mainsprings of human conduct to the totality of the facts." Commissioner v. Duberstein, 363 U.S. 278. Our conclusions with respect to the items in issue for the year 1976 are as follows. Rental income and expenses. Petitioner received rental income in the amount of $ 1,800 ($ 200 per month for 8 months plus deposit). Petitioner is entitled to deduct interest in the amount of $ 1,538.92. Respondent conceded this amount at trial. Petitioner is entitled to deduct real estate taxes in the amount of $ 187. This is approximately one-half of the taxes due for the year which accrued as of January 1, 1976, and is the amount claimed on the return.The evidence suggests that a least a part of *517 the property tax for 1976 was not paid by the mortgagees until 1977. Petitioner is entitled to deduct depreciation in the amount of $ 984. This results from finding a depreciable basis of $ 24,600 in the house, depreciated on a straight-line method over 25 years. Petitioner is entitled to deduct $ 400 as other rental expenses, in lieu of the amounts claimed on the return for plumbing, electrician, cleaning, garden, advertising, and door. Itemized expenses. Petitioner is entitled to deduct $ 167 in gasoline tax, the amount allowed in the notice of deficiency. Petitioner is entitled to deduct $ 799 for general sales tax, the amount allowed in the notice of deficiency. Petitioner is entitled to deduct $ 814 as interest. This includes $ 365 paid on the mortgage on property in Orlando, Fla., $ 248 paid on the auto loan to International Harvester, both of which were allowed in the notice of deficiency, and an estimated $ 200 of interest paid on an auto loan to GMAC, there being evidence that such a loan existed. Petitioner is entitled to deduct $ 200 for contributions, the amount allowed in the notice of deficiency. Petitioner is entitled to deduct $ 400 as a *518 casualty loss, there being some evidence that the burglaries did occur and that some property was stolen. Petitioner is entitled to deduct only the $ 150 allowed in the notice of deficiency for tools, uniforms, and shoes. Exemptions. Petitioner is entitled to dependency exemptions for his wife, Diedre, and their minor child living with her, in addition to his own personal exemption. Petitioner has failed to carry his burden of proving that he is entitled to exemptions for Katherine and the three children living with her. In reaching the above conclusion we have given some consideration to the fact that petitioner was first audited for the year 1976 in New York and petitioner's testimony that he provided respondent's New York office with some documentation to substantiate his claims which apparently did not reach respondent's agents in Florida. Addition to tax for negligence
Respondent determined in the notice of deficiency that at least a part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations and imposed the negligence addition to tax provided for in section 6653(a). Petitioner had the burden of proving error *519 in respondent's determination. Petitioner failed to carry this burden; in fact the evidence supports respondent's determination. We find for respondent on this issue. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revnue Code of 1954, as amended.↩